UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANTIAGO ALVAREZ,

        Plaintiff,

v.

ANDREW SAUL,
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
                               /

Case No. 2:19-cv-13679

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS [22],
ADOPTING REPORT AND RECOMMENDATION [21],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [18],
& GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [19]**

The Commissioner of the Social Security Administration ("SSA") denied the application of Santiago Alvarez ("Alvarez") for Supplemental Security Income and Disability Insurance Benefits in a decision issued by an Administrative Law Judge ("ALJ"). ECF 11-2, PgID 71. After the SSA Appeals Council declined to review the ruling, Alvarez appealed. ECF 1, PgID 5–7. The Court referred the matter to Magistrate Judge R. Steven Whalen, ECF 3, and the parties filed cross-motions for summary judgment, ECF 18, 19. The magistrate judge issued a Report and Recommendation ("Report") and suggested the Court deny Alvarez's motion and grant the Commissioner's motion. ECF 21. Alvarez filed timely objections to the Report. ECF 22. After examining the record and considering Alvarez's objections de novo, the Court will conclude that his arguments do not have merit. Accordingly, the

Court will adopt the Report's findings, deny Alvarez's motion for summary judgment, grant the Commissioner's motion for summary judgment, and dismiss the complaint.

## BACKGROUND

The Report properly details the events giving rise to Alvarez's action against the Commissioner. ECF 21, PgID 625–32. The Court will adopt that portion of the Report.

## LEGAL STANDARD

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable

mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id*.

## DISCUSSION

Alvarez first objected that the Report failed to address the Vocational Expert's ("VE's") testimony. He argued that the VE's conclusion about proposed occupations remaining available if Plaintiff needed to sit only during breaks was wrong, and that therefore the ALJ's finding of no disability is "objectively unreasonable and not supported by substantial evidence." ECF 22, PgID 646–49. But the objection rehashes an argument raised before the magistrate judge in Alvarez's summary judgment motion. *See* ECF 18, PgID 584–89. The approach is "not appropriate or sufficient." *Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016). The Court is "not obligated" to specifically address objections that are duplicative of previous arguments because such objections "fail to identify *specific* errors in the [Report]" and prevents "duplicative work" while "conserv[ing] judicial resources." *Id.* (emphasis in original) (internal quotation omitted). Since Alvarez merely rehashed an argument already presented to the magistrate judge and did not specifically object to the proposed finding, the Court need not analyze the objection.

And second, Alvarez contended that the Report erred in finding that if he was limited to sedentary work it would not change the non-disability finding because the ALJ failed to address how she resolved conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). ECF 22, PgID 649–51. In other words, Alvarez's objection was that "the ALJ's decision does not articulate a single reason for how she resolved the conflicts between the VE's testimony and the DOT with respect to any of the three sedentary occupations proposed." *Id.* at 650 (emphasis omitted). The objection misrepresents the role of the DOT and VE in the ALJ's decision-making process. ALJ's *may* "take administrative notice of reliable job information available from the *Dictionary of Occupational Titles*," but "Social Security regulations do *not obligate* the ALJ and consulting vocational experts to rely on the Dictionary's classifications." *McCarley v. Berryhill*, No. 16-cv-14036, 2018 WL 1477668, at *3 (E.D. Mich. Mar. 27, 2018) (emphasis added) (quoting *Monateri v. Comm'r of Soc. Sec.*, 436 F. App'x. 434, 446 (6th Cir. 2011)). Although ALJ's have "an affirmative duty to ask VEs if the evidence they provide 'conflicts with the information provided in the DOT,' and resolve any 'apparent conflicts,'" the duty is satisfied if the ALJ "asks the VE whether the VE's testimony is consistent with the *DOT* and receives and affirmative response." *Id.* (quoting *Joyce v. Comm'r of Soc. Sec.*, 662 F. App'x. 430, 435 (6th Cir. 2016)).

Here, the ALJ explicitly asked the VE if there were areas in which testimony was inconsistent with the DOT. ECF 11-2, PgID 113–14. And the ALJ also acknowledged that the VE had stated that some of the recommendations were not

consistent with the DOT. *Id.* The VE responded that some of the hypotheticals were not discussed in the DOT and therefore they were "strictly speaking," "not in conflict . . . [t]here was simply no guidance." *Id.* at 114. Thus, the ALJ's duty of inquiry was satisfied. What is more, the ALJ did not find that Alvarez was limited to sedentary work or unskilled work, *id.* at 73, and did not rely on the sedentary jobs in her decision, *id.* at 76–77. Because the ALJ completed her duty to inquire about conflicts and did not rely on the allegedly conflicted sedentary positions as the foundation for declining to award disability benefits, the objection is overruled.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Alvarez's objections. The Court finds Alvarez's objections unconvincing and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Alvarez's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Alvarez's Objections [22] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation [21] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Alvarez's Motion for Summary Judgment [18] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment [19] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: March 15, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 15, 2021, by electronic and/or ordinary mail.

        s/David P. Parker
        Case Manager